```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
PHILIP SILVA, as Executor of the
Estate of Algeria Silva, deceased,

                      Plaintiff,
                                              MEMORANDUM & ORDER
         -against-                            22-CV-6675(JS)(LGD)

SUNRISE OF DIX HILLS, as assignee of
GWC-Dix Hills, Inc.,

                      Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:       Jeffrey Alan Guzman, Esq.
                     Krentsel & Guzman, LLP
                     17 Battery Place
                     New York, New York  10004

For Defendants:      Rafael Vergara, Esq.
                     White and Williams, LLP
                     7 Times Square, Suite 2900
                     New York, New York  10036
```

SEYBERT, District Judge:

Plaintiff Philip Silva ("Plaintiff"), as Executor of the Estate of Algeria Silva ("Decedent"), seeks an order remanding this action to the Supreme Court of the State of New York, Suffolk County.  (See Remand Motion, ECF No. 14; see also Support Memo, ECF No. 14-1; Reply, ECF No. 20.)  Defendant Sunrise Senior Living Management, Inc. ("Defendant")[1] opposes the motion.  (Opp'n, ECF

---

[1] Pursuant to a stipulation, the parties agreed that Sunrise Senior Living Management, Inc. is the real party in interest, which party would replace Sunrise of Dix Hills as the named defendant. (See Stip. Extending Time, Ex. 2, ECF No. 1-2, ¶ 2, attached to Notice of Removal, ECF No. 1.)  Thus, given that stipulation, the

No. 14-13.) For the reasons that follow, Plaintiff's Remand Motion is GRANTED.

BACKGROUND AND PROCEDURAL HISTORY

The Court presumes the parties' familiarity with the facts and procedural history of this case. By way of brief background and for the reader's convenience, the Court provides the following summary. On November 2, 2022, Defendant invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332 ("Section 1332") and removed this action to this Court from the New York State Supreme Court, Suffolk County, pursuant to 28 U.S.C. § 1441. (See Notice of Removal, ¶¶ 2-3.)

The Complaint alleges Decedent was a resident of the Sunrise of Dix Hills facility (hereafter, the "Facility") from January 1, 2020 through March 30, 2020, when she died. (Compl., ECF No. 1-3, ¶ 68.) Plaintiff asserts during Decedent's admission at the Facility, Decedent "was infected with SARS-CoV-2 and COVID-19, and developed respiratory distress and hypoxia," which caused her death. (Id.) Moreover, "[p]rior to the arrival of coronavirus, [the Facility] had a longstanding history of failing to provide proper infection prevention and control procedures, and despite being armed with knowledge of prior public health infection events, failed to take steps to prepare to prevent the spread of

---

Clerk of Court is directed to amend the name of the Defendant to "Sunrise Senior Living Management, Inc."

future infections." (Id. ¶ 69.) Plaintiff allegations Defendant violation New York Public Health Law Article 28 ("Article 28") arising out of Defendant's alleged failure to properly operate the Facility despite having been advised that the coronavirus infection could rapidly spread and the Facility's failure to provide adequate care. (Id., First Cause of Action, ¶¶ 72-115.) Plaintiff seeks compensatory damages "in a sum which exceeds the jurisdictional limits of all lower Courts" and punitive damages under this first count. (See id. ¶ 112, and Prayer for Relief.) Plaintiff also asserts claims of: breach of duty of care (see id., Second Cause of Action, ¶¶ 116-30); negligence (see id., Third Cause of Action, ¶¶ 131-48); and, wrongful death (see id., Fourth Cause of Action,[2] ¶¶ 149-55). For these causes of action, Plaintiff seeks "a sum which exceeds the jurisdictional limits of all lower Courts". (See id. ¶¶ 130, 148, 155.)

After removal, on November 9, 2022, Defendant requested a pre-motion conference regarding a proposed dismissal motion, arguing: Plaintiff's wrongful death claim is barred by the statute of limitations; the Complaint fails to plead actionable claims; and, Defendant is entitled to immunity under (a) the New York State Emergency or Disaster Treatment Protection Act, and (b) the federal

---

[2] Plaintiff incorrectly labels the Fourth Cause of Action as the "Fifth Cause of Action"; there are only four causes of actions asserted. (See Compl., in toto.)

3

Public Readiness and Emergency Preparedness ("PREP") Act (hereafter, the "Conference Request"). (See ECF No. 5.) Plaintiff opposed the Conference Request and, in doing so, also notified the Court and Defendant he planned "to file a motion to remand on the grounds that th[e] Court lacks subject matter jurisdiction over the claims [raised]." (Conference Request Opp'n, ECF No. 7, at 1.) However, this case was stayed on February 1, 2023. (See Feb. 1, 2023 Elec. Order[3] (hereafter, the "Stay ORDER").) In doing so, the Court held in abeyance the deadline for Plaintiff to file his Remand Motion. (See id.) On July 5, 2023, the stay was lifted and the Court instituted a briefing schedule for Plaintiff's Remand

---

[3] In relevant part, the Court ruled:

> In cases which present similar issues to the instant case, the Court has issued stays and/or denied the defendants' pre-motion conference requests pending the disposition of certain appeals before the Second Circuit. See No. 22-CV-2234, Wegenaar v. Our Lady of Consolation Geriatric Care Center, May 24, 2022 Elec. Order (E.D.N.Y.) (citing Nos. 21-2157 & 21-2159, Leroy v. Hume (2d Cir.); No. 21-2164, Rivera-Zayas v. Our Lady of Consolation (2d Cir.)); 22-CV-5314, Miller v. St. Johnland Nursing Center, Inc., Oct. 24, 2022 Elec. Order (same); 22-CV-5616, The Estate of Gerda Balos v. Quantum Rehabilitation and Nursing, LLC, Oct. 24, 2022 Elec. Order (same); see also No. 21-2729 Solomon v. St. Joseph Hospital (2d Cir.). Accordingly, the Court finds that a stay is warranted . . . .

(Stay ORDER.)

4

Motion. (See July 5, 2023 Elec. Order.)  The fully briefed Remand Motion was filed September 19, 2023 and is ripe for decision.

## DISCUSSION

I.  Legal Standard

A defendant may remove a state court action to federal court based upon diversity jurisdiction by filing a notice of removal within 30 days after service of the initial pleading. See 28 U.S.C. §§ 1446(a) and (b)(1).  Pursuant to Section 1332(a), district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000," and where there is diversity of citizenship between the parties, including where the parties are "citizens of different States."  28 U.S.C. § 1332(a).

A plaintiff seeking to remand a case back to state court must file a motion "within 30 days of the filing of the notice of removal, unless there is a defect in subject matter jurisdiction, in which case the action must be remanded if the defect is identified before final judgment." Kanayama v. KESY LLC, No. 14-CV-3405, 2015 WL 1433203, at *3 (S.D.N.Y. Mar. 30, 2015) (citing 28 U.S.C. § 1447(c)).  "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction." Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57 (2d Cir. 2006) (citation omitted).  Further, the party asserting federal jurisdiction "must establish jurisdiction by a

5

'preponderance of evidence.'" Minaudo v. Sunrise at Sheepshead Bay, No. 22-CV-2579, 2023 WL 110359, *2 (E.D.N.Y. Jan. 5, 2023) (quoting Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 617 (2d Cir. 2019); further citation omitted). "The removal requirements are construed narrowly, and any doubts are resolved against removal." Kanayama, 2015 WL 1433203, at *3 (citing In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007)).

## II. Analysis

In his Remand Motion, Plaintiff primarily argues the merits of his underlying causes of action. (See Support Memo, in toto.) To the extent Plaintiff asserts there is no federal question upon which the Court can exercise its jurisdiction, while true, Plaintiff misses the mark. (See, e.g., id. at 7-9.) "[T]he [Notice of Removal] expressly alleges . . . diversity jurisdiction"; thus, the Court has "original jurisdiction over the [Complaint] if diversity jurisdiction exists." Hooper v. PetSmart, Inc., No. 18-CV-1706, 2019 WL 4888651, at *5 (E.D.N.Y. Sept. 30, 2019) (emphasis added). Indeed, "[f]ederal courts have jurisdiction 'over all civil actions where the matter in controversy exceeds the sum or value of $75,000' and is between 'citizens of different states.'" Minaudo, 2023 WL 110359, *2 (emphasis added).

> In opposing remand, Defendant maintains:
>
> [i]t did not rely on the PREP Act as a basis for removal, nor has it asserted subject matter jurisdiction because of a federal question or the Federal Officer Removal Statute. Defendant's notice of removal is predicated on the fact that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Therefore, Plaintiff's arguments for remand regarding federal question jurisdiction and the Federal Officer Removal Statute (28 U.S.C. § 1442(a)(1)) are irrelevant, and have no bearing on this Court's jurisdiction under 28 U.S.C. § 1332.

(Opp'n, ECF No. 14-13, at 5 (citing Notice of Removal, ECF No. 1, ¶¶ 8-10, ECF Document 1).) The Court does not disagree. Indeed, in its Notice of Removal, Defendant asserts, <u>inter alia</u>, "This Court has original jurisdiction on the basis of diversity under 28 U.S.C. § 1332. Diversity jurisdiction pursuant to 28 U.S.C. § 1332 is based upon the State Court Action involving a matter in controversy exceeding the 'sum or value of $75,000, exclusive of interest and costs,' and being between 'citizens of different States.'" (Notice of Removal, ¶ 3; <u>see also</u> <u>id.</u> at ¶ 7 (re: Diversity of Parties), and ¶¶ 8-10 (re: Amount in Controversy).)

To the extent Defendant asserts it and Plaintiff are citizens of different States, it has met its burden of establishing that prong of the diversity jurisdiction inquiry. Plaintiff, as the executor of an estate, is a citizen of New York, the same state as Decedent. (<u>See</u> Compl. ¶¶ 4-6); <u>see also</u> Section 1332(c)(2). Defendant Sunrise Senior Living Management, Inc. is a citizen of

7

Virginia; it is a Virginia corporation with its principal place of business in Virginia.  (See Notice of Removal ¶ 7(b) & (c)); see also Section 1332(c)(1); Universal Licensing Corp. v. Paola del Lungo, S.p.A., 293 F.3d 579, 581 (2d Cir. 2002) ("For diversity purposes, a corporation is deemed to be a citizen both of the state in which it has its principal place of business and of any state in which it is incorporated.").  Moreover, as noted (see supra note 1), the parties stipulated:

> Plaintiff incorrectly named **Sunrise of Dix Hills** as a defendant, and now Plaintiff recognizes that the real party in interest with regard to [the] complaint allegations is **Sunrise Senior Living Management, Inc.**  Accordingly, the parties stipulate to amending the pleadings so as to remove defendant **Sunrise of Dix Hills** and replace it with **Sunrise Senior Living Management, Inc.**  The parties may treat the pleadings as amended forthwith.

(Stip. Extending Time ¶ 2 (emphases in original).)  Plaintiff does not dispute these representations.  Hence, as to the citizenship prong inquiry, Defendant has met its burden of establishing the parties are diverse.

Rather, "[a]t issue here is the amount-in-controversy prong of diversity jurisdiction." Minaudo, 2023 WL 110359, at *2.  Plaintiff's Complaint does not allege a specific amount of damages.  (See Compl., in toto.)  In its Notice or Removal, Defendant states, "There is a reasonable probability that [Plaintiff's] claim is in excess of the statutory jurisdictional amount" since the

8

"Complaint seeks compensation for alleged serious personal injuries and ultimately the loss of a life." (Notice of Removal ¶ 8.) To support its position that "Plaintiff's Complaint allegations demonstrate that the amount in controversy exceeds $75,000" (id. at ¶ 10), Defendant relies upon said Complaint, which: (1) alleges the Decedent was admitted to Defendant's Facility and, during her admission there, "was infected with SARS-CoV-2 and COVID-19, and developed respiratory distress and hypoxia, which resulted in her untimely death on March 30, 2020" (id. at ¶ 9(a) (quoting Compl. ¶ 68); see also id. at ¶ 9(b) (quoting Compl. ¶ 114)), and (2) seeks, in addition to compensatory damages, punitive damages and attorneys' fees (see id. at ¶ 9(c) (quoting Compl. ¶¶ 71, 112, 147)). The Court is unpersuaded.

As Honorable Eric Komitee of this District recently instructed:

> When the initial pleading seeks monetary damages but "State practice . . . does not permit demand for a specific sum," the notice of removal may instead assert the amount in controversy. [28 U.S.C.] § 1446(c)(2)(A)(ii). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014). "Evidence establishing the amount," however, is required "when the plaintiff contests, or" — as relevant here — "the court questions, the defendant's allegation." Id. In such a case, removal is proper if the court "finds, by the preponderance of the evidence," that the

9

amount in controversy exceeds $75,000. § 1446(c)(2)(B). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." Lupo v. Hum. Affs. Int'l, Inc., 28 F.3d 269, 273-74 (2d Cir. 1994). . . .

A defendant removing a personal injury or wrongful death action from New York state court, moreover, need not guess at the amount in controversy; New York state law provides a mechanism for establishing exactly that. While the complaint in such an action "shall not state the amount of damages" sought, N.Y. C.P.L.R. 3017(c), a defendant "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled," id. Should the plaintiff fail to serve that demand "within fifteen days," the state court "may order that it be served." Id. Additionally, a defendant utilizing this mechanism typically does not run the risk of removing too late. "[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." Moltner v. Starbucks Coffee Co., 624 F.3d 34, 38 (2d Cir. 2010); see § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." (emphasis added)).

Minaudo, 2023 WL 110359, at *2.

In Minaudo, where the underlying New York state court complaint in a wrongful death action did not state the specific

10

amount in controversy, Judge Komitee found the defendant "fail[ed] to meet its burden of establishing that the jurisdictional amount ha[d] been satisfied." Id. at *3. There, the defendant had not requested "a supplemental demand, as it could have under N.Y. C.P.L.R. 3017(c), to obtain the total damages that [p]laintiff [wa]s seeking." Id.; see also Cavaleri v. Amgen Inc., No. 20-CV-1762, 2021 WL 951652, at *3 (E.D.N.Y. Mar. 12, 2021) ("As courts in this district have reiterated time and time again in sua sponte remanding cases, the state courts provide an established and simple mechanism for ascertaining the amount in controversy, through a supplemental demand under [N.Y. C.P.L.R.] § 3017(c)[.]" (collecting cases)). "Nor did it provide any additional evidence regarding [p]laintiff's damages allegations . . . ." Id.; cf., e.g., Schumacher v. Sunrise Sr. Living Mgmt., Inc., No. 19-CV-5744, 2021 WL 84284, at *3 (E.D.N.Y. Jan. 11, 2021) (denying motion to remand wrongful death action, notwithstanding neither the complaint nor notice of removal established the minimum amount-in-controversy, because plaintiff represented such amount in a separate court filing in the record). "Instead, [the defendant] offer[ed] only the complaint's allegations and its notice of removal, which state[d] simply the amount in controversy [wa]s met because the action involve[d] 'serious personal injuries and ultimately the loss of life.'" Id. Judge Komitte highlighted the defendant's showing was insufficient, "[n]otwithstanding the

11

severity of the alleged harm," collecting cases of "[c]ourts in this [D]istrict hav[ing] rejected similar generalized, 'boilerplate' allegations as a basis for asserting the amount in controversy." Id. (collecting cases); see also Doe v. Warner, 659 F. Supp. 3d 293, 297-98 (E.D.N.Y. 2023) (same; collecting cases).

Here, the Court is presented with a procedurally analogous case also warranting remand. Neither the Complaint nor Notice of Removal "satisfy [the Court] that the required minimum amount in controversy exists." United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 305 (2d Cir. 1994). Moreover, after conducting a careful review of the record, the Court finds no other evidence demonstrating the amount-in-controversy requirement is satisfied. See, e.g., Schumacher, 2021 WL 84284, at *3. Rather, "the Court is left to guess at the amount in controversy based on the Complaint's generalized and boilerplate language concerning Plaintiff's injuries," which allegations Defendant relies upon in its Notice of Removal as its means of satisfying the amount-in-controversy prong of the diversity jurisdiction inquiry.[4] Doe, 659 F.Supp.3d at 297. Upon such showing, Defendant

---

[4] To the extent Plaintiff claims his damages exceed the jurisdictional limits of all lower courts (see, e.g., Compl., Prayer for Relief), he "refers to the lower courts of New York, which may not entertain actions seeking to recover more than $25,000, well below the $75,000 threshold required for federal diversity jurisdiction." Cadmen v. CVS Albany, L.L.C., No.

12

has failed to establish diversity jurisdiction; therefore, the Court is without authority to adjudicate this case. Indeed, having failed to use N.Y. C.P.L.R. § 3017(c) to determine the amount of damages sought by Plaintiff, Defendant's removal was premature. See id. (emphasizing defendant "proceeded at his peril in removing [his] case" without first utilizing C.P.L.R. § 3017(c) and, instead, "simply presume[ed] his allegations would be deemed sufficient with respect to the required amount in controversy" (cleaned up; citation omitted)); see also, e.g., Myres v. Speedway, LLC, No. 23-CV-5232, 2023 WL 6121799, at *3 (E.D.N.Y. Sept. 19. 2023) ("[I]nstead of removing the action to this Court prematurely, Defendant could, and should, have availed itself of th[e C.P.L.R. § 3017(c)] mechanism." (collecting cases)); Cavaleri, 2021 WL 878555, at *2 n.2 (noting it was premature to remove state court action before first utilizing C.P.L.R. § 3017(c) to determine the amount-in-controversy).

[Remainder of page intentionally left blank.]

---

22-CV-0046, 2022 WL 138056, *2 (E.D.N.Y. Jan. 14, 2022) (citation omitted; further stating "identical ad damnum clauses pled to establish jurisdiction in New York courts have been repeatedly found too vague and ambiguous to enable an intelligent assessment of whether the amount-in-controversy requirement of diversity jurisdiction has been satisfied" (cleaned up; citation omitted)).

CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that: Plaintiff's Remand Motion (ECF No. 14) is GRANTED; and

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to remand this action back to the Supreme Court of the State of New York, Suffolk County, together with a certified copy of this Order to the clerk of that court; and, thereafter, close this case.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   September 19, 2024
         Central Islip, New York